3002092
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

2011 AUG 31 PM 1:05

| | |
|---|---|
| LAMONTE E. KELLY, | ) |
| Plaintiff, | ) |
| -vs- | ) No.: 3:11CV 349 |
| NORFOLK SOUTHERN RAILWAY, COMPANY, a corporation, | ) TRIAL BY JURY DEMANDED |
| Defendant. | ) |

**COMPLAINT**

NOW COMES the plaintiff, LAMONTE E. KELLY, by his attorneys, Patrick J. Harrington and Robert E. Harrington, III. of HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD., and complaining of the defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, hereinafter "NSRC", states:

1. On April 23, 2009, the Defendant, NSRC, was a corporation engaged in operating a railroad as a common carrier in interstate commerce between the various states of the United States.

2. On April 23, 2009, and at all times alleged herein, the plaintiff, LAMONTE E. KELLY, was employed by the NSRC and his duties were in furtherance of interstate commerce.

3. At all times alleged herein, both the plaintiff, LAMONTE E. KELLY, and the defendant, NSRC, were subject to an Act of Congress known as the Federal

Employers' Liability Act, Title 45 U.S.C. § 51-60.

4.  Subject matter jurisdiction for this cause of action exists under the Federal Employers' Liability Act pursuant to 28 U.S.C. § 1331 and 45 U.S.C. § 51, *et seq.*

5.  On or about April 23, 2009, plaintiff sustained injury while in the employ of the defendant, NSRC, at or near Burns Harbor, Indiana..

6.  At said place and time, plaintiff was assigned by defendant NSRC to work as a conductor on a job in defendant's Burns' Harbor Yard.  As part of his employment duties, and in furtherance of defendant's business, plaintiff was required to throw a switch in the yard.  Plaintiff attempted to operate the switch in the prescribed manner, but said switch failed to operate properly due to it being in a defective and inoperable condition, and thereby caused plaintiff to be injured.

7.  Plaintiff was acting at all times alleged herein within the scope of his employment for defendant NSRC, and it was defendant's duty to plaintiff to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work; to exercise ordinary care to use reasonably safe methods in its switching operations; to have taken measures to have the switches cleaned out, lubricated and repaired; to have heeded reports and complaints of employees that said switch was in an inoperative condition prior to plaintiff sustaining injury; to have warned plaintiff of the condition of the switch when it had notice of its neglected condition and need of servicing; and to comply with Code of Federal Regulations, *49 C.F.R. Part 213-Track Safety Standards*, so as to avert injury to plaintiff at said time and place.

8.  Defendant NSRC, notwithstanding its duties to plaintiff, was careless and negligent in one or more of the following particulars and thereby contributed in whole or

in part to cause injuries to plaintiff:

    a.    In failing to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work;

    b.    In failing to exercise ordinary care to use reasonably safe methods in its switching operations;

    c.    In failing to adequately inspect the switches it required plaintiff to work with;

    d.    In failing to adequately maintain the switches it required plaintiff to work with;

    e.    In failing to have taken measures to have said switch cleaned out, lubricated and repaired when it knew or should have known and foreseen that plaintiff would be subjected to jeopardy of injury attempting to operate same;

    f.    In failing to heed employee complaints regarding the condition of said switch, and in failing to take remedial measures to correct same;

    g.    In failing to warn plaintiff when a timely warning would have averted injury to him; and

    h.    In failing to comply with and in violating the Code of Federal Regulations, *Part 213-Track Safety Standards, §213.135 Switches*.

9.    As a direct and proximate result of one or more of the foregoing acts and/or omissions of the defendant, NSRC, plaintiff LAMONTE E. KELLY sustained serious personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law.

WHEREFORE, the plaintiff, LAMONTE E. KELLY, prays for judgment against the defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in a dollar amount

-3-

sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit.

Respectfully submitted,

_____
HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD.
By:   Patrick J. Harrington
      Robert E. Harrington, III  (24616-45)


**HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD.**
180 N. Wacker Drive – 3rd Floor
Chicago, Illinois 60606
Tel:   (312) 332-8811
Fx:    (312) 332-2027
E-mail:   htah@harringtonlaw.com